UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No. 6:14-cv-432 -Orl- 22 DAB

JASEN WRIGHT,

    Plaintiff,

vs.

LTD FINANCIAL SERVICES LP, a
Foreign limited partnership,

    Defendant.

_____/

# VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASEN WRIGHT, by and through his undersigned counsel, hereby files his Complaint, sues the Defendant, LTD FINANCIAL SERVICES LP (hereinafter sometimes referred to as "Defendant"), and alleges as follows:

## JURISDICTION

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692o, and the Florida Consumer Collection Practices Act seeking actual damages, statutory damages, attorney's fees and costs.

2. Venue in this judicial district is proper under 28 U.S.C. §1391(b). All of the actions and omissions forming the basis for this lawsuit occurred within this district.

3. This Court has jurisdiction over the subject matter by virtue of Section 813 (d) of Fair Debt Collection Practices Act, 15 U.S.C. §1692k(d), and 28 U.S.C. §§1331, 1337, and 1367.

4. The FDCPA regulates the behavior of collection agencies attempting to collect a

1367.

## PARTIES

4. At all times material hereto, the Plaintiff, JASEN WRIGHT, was a "consumer" as that term is defined by Section 803 (3) of the FDCPA, 15 U.S.C. §1692a(3).

5. At all times material hereto, the Defendant was a "creditor" as that term is defined by Section 803 (4) of the FDCPA, 15 U.S.C. §1692a(4).

6. Defendant regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant is a Foreign limited partnership and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

8. From approximately December 13, 2013 through February 14, 2014, Defendant has made numerous telephone calls to Plaintiff from the following telephone number: 1-866-310-9843.

9. In all of the telephone calls referred to above, Defendant's agents asked for "Dora Rosco."

10. Plaintiff has instructed the Defendant's agents and employees on at least 5 occasions, that Defendant "has the wrong number and not to call back."

11. On information and belief, Defendant has alleged that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

12. The allegations in paragraphs 1 through 11 are incorporated by reference herein.

13. The communications from the Defendant was in violation of Section 807 of the FDCPA, 15 U.S.C. §1692e(1) which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> *       *       *       *
>
> (2) The false representation of—
>
> (A) the character, amount, or **legal status of any debt**; (emphasis supplied).

14. The acts and omissions of Defendant's agents, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

15. These communications from the Defendant were also in in violation of 807 of the FDCPA, 15 U.S.C. § 1692d(6) which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the

- 3 -

collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

*           *           *

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

16.  The calls made by the by Defendant after they were informed that it had the wrong number and wrong person were done with the intent to abuse or harass the Plaintiff.

## TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7, Fed.R.Civ.P. 38.

WHEREFORE, Plaintiff prays for this Court:

    a.  To declare that Defendant has violated the FDCPA;

    b.  To award Plaintiff actual damages sustained as a result of the Defendant's failure to comply with the FDCPA;

    c.  To award the Plaintiff statutory damages not to exceed $1,000.00;

    d.  To award Plaintiff reimbursement for such expenses as have been required to expend to prosecute this claim;

    e.  To award Plaintiff his his reasonable attorney's fees pursuant to 15 U.S.C. §1692k;

  f.  To award such other and further relief as the Court deems proper.

## COUNT II
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

17. The allegations in paragraphs 1 through 11 are incorporated by reference herein.

18. Plaintiff, JASEN WRIGHT, is an individual who resides in Orange County, Florida.

19. Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

20. Defendant is a person as defined in §1.01(3), Fla. Stat.

21. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

22. Plaintiff is a "debtor" or "consumer" as defined by §559.55(2), Fla. Stat.

23. Defendant is a person as defined in §1.01(3), Fla. Stat.

24. Defendant has knowledge and control of the collection activities of its agents and representatives, including but not limited to supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors, for the alleged debt that is the subject of this lawsuit.

25. The tactics employed by Defendant have caused Plaintiff considerable worry, embarrassment, frustration, anger, distress, and concern that this organization would go to this extent to collect a debt.

26. The emotional distress has strained Plaintiffs relationships with family and friends.

27. All conditions precedent to the filing of this action have occurred, been fulfilled or waived.

28. Plaintiff is a consumer and the obligation between the parties which is the debt owed pursuant to the subject note is a consumer debt as defined in Fla. Stat. §559.55(1).

29. Fla. Stat. §559.72(7) provides:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

30. Inasmuch as the Defendant's claims did not apply to Plaintiff, they were reasonably expected to abuse or harass the Plaintiff.

31. Inasmuch as the Defendant's claims did not apply to Plaintiff, they were not legitimate debts.

32. Fla. Stat. §559.72(9) provides:

In collecting consumer debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

33. Inasmuch as the Defendant's claims did not apply to Plaintiff, the debt is not legitimate.

34. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the above violations of the Florida Consumer Collection Practices Act, the Defendant is liable to the Plaintiff for injunctive and declaratory relief and actual damages, statutory damages, and attorneys' fees and costs.

36. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. §559.77.

37. Plaintiff is entitled to damages under Fla. Stat. §559.77.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the Florida Consumer Collection Practices Act and declaratory and injunctive relief for the Defendant's violations of the FCCPA.

B. That Defendant be enjoined from any and all further illegal collection practice.

C. Actual damages pursuant to Fla. Stat. §559.77(2).

D. Statutory damages pursuant to Fla. Stat. §559.77(2).

E. Costs and reasonable attorney's fees pursuant to Fla. Stat. §559.77(2).

F. For such other and further relief as may be just and proper.

DATED this 21 February 2014.

_____
JASEN WRIGHT

SWORN TO and SUBSCRIBED before me this ___ day of February, 2014 by JASEN WRIGHT, who is produced a Florida Driver's License No. ___ and who took an oath that the matters set forth herein are true and correct.

_____
Notary Public

*[Notary seal: Notary Public State of Florida, M Rodriguez, My Commission EE 196064, Expires 05/06/2016]*

Commission
State of Florida at Large
My Commission Expires: 05-06-2014

__X__   Produced photo identification

March 18, 2014

_____
Counsel for Plaintiff
Florida Bar No. 0203041
37 N. Orange Avenue, Suite 500
Orlando, FL 32801
(888) 877-5103
Email address: njtlaw@gmail.com